# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Civil Action No. 2:22-cv-06996-CAS-KS

CENTER FOR BIOLOGICAL DIVERSITY

    Plaintiff,

v.

DEB HAALAND, Secretary of the Interior
UNITED STATES BUREAU OF OCEAN ENERGY MANAGEMENT
DOUGLAS BOREN, Pacific Regional Director of the Bureau of Ocean Energy Management,

    Defendants.

## SETTLEMENT AGREEMENT

Plaintiff Center for Biological Diversity ("Plaintiff") and Defendants Deb Haaland, Secretary of the Interior; Bureau of Ocean Energy Management ("BOEM"); and Douglas Boren, BOEM Pacific Regional Director ("Defendants") (collectively with Plaintiff, "the Parties") have reached an agreement to resolve this case, and state as follows:

WHEREAS, Plaintiff filed its Complaint for Declaratory and Injunctive Relief ("Complaint"), ECF No. 1, on September 28, 2022, challenging under the Administrative Procedure Act and the Outer Continental Shelf Lands Act several Development and Production Plans ("Beta Unit DPPs") for operations outside of Huntington Beach, California;

WHEREAS, on April 17, 2023, this Court granted in part and denied in part Defendants' motion to dismiss;

WHEREAS, Defendants filed their Answer to the complaint on May 1, 2023;

WHEREAS, The Court granted the Parties' Joint Motion to Stay on May 11, 2023, so that the Parties could engage in settlement negotiations;

WHEREAS, the Parties, through their authorized representatives, and without any admission or adjudication of the issues of fact or law, have reached an agreement to resolve this case in accordance with the terms set forth in this Settlement Agreement;

THEREFORE, the Parties agree as follows:

1. Within five business days of execution of this Settlement Agreement, Plaintiff will dismiss its Complaint, without prejudice, by submitting to the Court the attached stipulation of dismissal and proposed order.

2. BOEM agrees to conduct a review of the Beta Unit DPPs currently governing oil and gas production on the Beta Unit. These Beta Unit DPPs concern Platforms Edith, Ellen, Elly, and Eureka outside of Huntington Beach, California.

3. BOEM will begin the process of reviewing the Beta Unit DPPs described in Paragraph 2 within thirty calendar days following the dismissal of the Complaint. BOEM will notify Center for Biological Diversity of the start date for that review process.

4. BOEM intends to complete its review of the Beta Unit DPPs within one year of the start date. Following completion of that review, BOEM will notify Plaintiff of (1) the date the review was completed and (2) the outcome of the review.

5. In the event BOEM is unable to complete its review within the time described in Paragraph 4, BOEM will advise Plaintiff of the reason for its inability to complete the review, and the Parties will negotiate a new timeframe for completion of BOEM's review, not to exceed December 15, 2024.

6. Plaintiff's sole remedy for any dispute concerning the adequacy of the reviews described in Paragraph 2 shall be to seek administrative review or to file a new civil action seeking

judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06, or other applicable statute.  Nothing in this Settlement Agreement shall be construed to waive the United States' sovereign immunity, to waive any obligation to exhaust administrative remedies, to change the definition of final agency action or the standard of judicial review for federal agency action under the Administrative Procedure Act, or to otherwise extend or grant this Court jurisdiction over a new civil action challenging the adequacy of the reviews.

7. Plaintiff's sole remedy for BOEM's failure to complete the reviews described in Paragraph 2 pursuant to the timeline described in Paragraph 4 (or any extension the parties may negotiate) shall be to reassert their claims in a new complaint.  Defendants reserve the right to assert all available jurisdictional, procedural, or substantive defenses in response to any such complaint.

8. In the event that there is a dispute over compliance with any term or provision of this Settlement Agreement, the Party raising the dispute will notify the other Parties in writing of the nature of the dispute and, within seven days after such notification, the Parties will initiate discussions and attempt to resolve the dispute.  The Parties agree that contempt of court is not available as a remedy for any alleged violation of any portion of this Settlement Agreement.  The Parties therefore knowingly waive any right that they might have to seek an order for contempt for any such violation.  The Parties also agree that a suit for monetary damages against BOEM or any Defendant is not available as a remedy for any alleged violation of any portion of this Settlement Agreement

9. Defendants agree to pay $64,000 to Plaintiff, and Plaintiff agrees to receive that payment in full and complete satisfaction of any and all claims for attorneys' fees, expenses, and costs of litigation to which Plaintiff may be entitled in this civil action.

10. Defendants will make the payment(s) identified in paragraph 9 by electronic funds transfer to a bank account designated by Plaintiff's counsel.  Within 14 days of execution of this

Settlement Agreement, Plaintiff will provide the following information necessary for Defendants to process the payment: the payee's name, address, and phone number; the payee's banking information, including bank address and phone number, bank routing number, and bank account type; and the payee's tax identification number. Defendants will submit all necessary paperwork for the processing of the payment within 14 days from receipt of the necessary information from Plaintiff or the dismissal of the lawsuit, whichever is later. Plaintiff will provide notice via electronic mail of receipt of the payment to Defendants' counsel within 7 days of receipt of payment(s).

11. Plaintiff acknowledges that under 31 U.S.C. §§ 3711, 3716; 26 U.S.C. § 6402(d); and 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the fee award the delinquent debts of Plaintiff owed to the United States, if any. *See Astrue v. Ratliff*, 560 U.S. 586 (2010). To that end, Plaintiff will provide Defendants with Plaintiff's tax identification number (if different from the payee's tax identification number) within 14 days of execution of this agreement.

12. BOEM's notice under Paragraphs 3 and 4 shall be deemed effective upon e-mail receipt to Kristen Monsell, Miyoko Sakashita, or any other counsel employed by Center for Biological Diversity.

13. Nothing in this Settlement Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law.

14. Nothing in this Settlement Agreement shall be construed to deprive a federal official of the authority to revise, amend or promulgate regulations, to amend or revise development and production plans, or to take, or decline to take, any final agency action or any other administrative action.

15. This Settlement Agreement was jointly drafted by Plaintiff and Defendants. Accordingly, any and all rules of construction, to the effect that ambiguity is construed against the

drafting Party, shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of the Settlement Agreement.

16. This Settlement Agreement contains all of the agreements between Plaintiff and Defendants, and is intended to be and is the final and sole agreement between the Parties concerning the complete and final resolution of Plaintiff's claims. Any other prior or contemporaneous representations or understandings not explicitly contained in this Settlement Agreement, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this Settlement Agreement must be in writing, and must be signed and executed by Plaintiff and Defendants.

17. This Settlement Agreement is the result of compromise and settlement, and does not constitute an admission, implied or otherwise, by Plaintiff or Defendants to any fact, claim, or defense on any issue in this litigation. This Settlement Agreement has no precedential value and shall not be cited in any other litigation.

18. The undersigned representatives of Plaintiff and Defendants certify that they are fully authorized by the respective Parties whom they represent to enter into the terms and conditions of this Settlement Agreement and to legally bind such Parties to it.

Executed this 13th day of November, 2023.

    TODD KIM
    Assistant Attorney General
    Environment and Natural Resources Division

    */s/ Alexis G. Romero*
    Alexis G. Romero
    U.S. Department of Justice
    Environment & Natural Resources Division
    Natural Resources Section
    150 M Street N.E.
    #3.1607
    Washington, D.C. 20002

Tel: (202) 353-5885
Fax: (202) 305-0506
E-mail: alexis.romero@usdoj.gov

*Counsel for Defendants*

/s/ *Kristen Monsell*
Kristen Monsell
Email: kmonsell@biologicaldiversity.org
Miyoko Sakashita
Email: miyoko@biologicaldiversity.org
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
Phone: (510) 844-7137
Fax: (510) 844-7150

*Counsel for Plaintiff*